# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAN YANG,<br><br>        Petitioner,<br><br> v.<br><br>OTAY MESA DETENTION CENTER, *et al*.,<br><br>        Respondents. | Case No. 26-cv-3398-BAS-JAC<br><br>**ORDER DENYING AMENDED PETITION (ECF No. 7)** |

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 7.) The Government opposes. (ECF No. 9.) For the reasons stated below, the Court **DENIES** the Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687

26cv3398

(2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner, a citizen of China, came to the United States seeking asylum on October 2, 2025, and was detained at the U.S. border. (ECF No. 7.) On May 28, 2026, an Immigration Judge denied his request for asylum, along with his request for withholding of removal. (ECF No. 9, Ex. 3.) He intends to appeal this decision, although he had not done so as of the date of filing this Petition. (ECF No. 7.) Petitioner argues he should be released because his detention has been arbitrarily and unreasonably prolonged.

## III.   LEGAL ANALYSIS

### A.   Jurisdiction Under Section 1252(g)

Respondents argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to proceed. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration original) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)). "There are, of course, many other decisions or actions that may be part of the deportation process" that are not one of these three. *Reno*, 525 U.S. at 482 (listing possibilities). "Section 1252(g)

- 2 -

26cv3398

does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His detention may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by section 1252(g).

### B.      Mandatory Detention Under Section 1225(b)(1)(B)

Individuals seeking admission into the United States at the border, like the Petitioner in this case, are subject to mandatory detention under § 1225. These noncitizens may be released only if the Department of Homeland Security ("DHS") determines it is appropriate to parole the noncitizen into the United States. Detention under § 1225(b) is otherwise mandatory, and individuals are not entitled to a bond hearing.

### C.      Arbitrary and Unreasonably Prolonged Detention

The Court agrees that at some point, an immigration detention without a bond hearing may be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's Due Process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("[W]e have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Following the factors laid out in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019), Petitioner fails to show that his detention has been arbitrary or prolonged.

Petitioner was arrested on October 2, 2025. He has been detained for nine months and has had his hearing before an Immigration Judge. This is not an unreasonable amount of time from arrest to disposition. Despite his claim that he intends to appeal this decision, the amount of time it will take to complete the appeal is speculative. Petitioner offers evidence that the median appellate processing time for immigration cases is seven months. That means there is an equal likelihood that the case will take less than seven months as

26cv3398

there is that it will take longer than seven months. Petitioner fails to show that DHS is responsible for delaying or prolonging his immigration proceedings, nor at this point, does his detention appear to be for an indefinite period. Finally, an Immigration Judge has denied his requests for relief, which decreases the likelihood that he will be successful on appeal. Since Petitioner fails to demonstrate that his detention has been arbitrarily or unreasonably prolonged, his Petition on this ground fails.

## IV.    CONCLUSION

Petitioner fails to show that his detention has been arbitrarily and unreasonably prolonged. In addition, because he was detained at the border, he is subject to mandatory detention under § 1225(b) and can only be released if DHS elects to release him on parole. Thus, the Petition is **DENIED**.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: July 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv3398